# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL A.,[1] | Case No. EDCV 17-02458-AFM |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed this action seeking review of the Commissioner's final decision denying his applications for disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. The matter is now ready for decision.

## BACKGROUND

On November 27, 2013, Plaintiff applied for disability insurance benefits and

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

supplemental security income, alleging disability beginning February 9, 2009. Plaintiff's applications were denied initially and on reconsideration. (Administrative Record ["AR"] 143-149, 153-164.) A hearing took place on September 30, 2016 before an Administrative Law Judge ("ALJ"), at which both Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. (AR 37-64.)

In a decision dated December 12, 2016, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine; sciatica; lumbar radiculopathy; and left shoulder impingement. (AR 19.) The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform medium work except that Plaintiff can lift, carry, push or pull up to 50 pounds occasionally and 25 pounds or less frequently; can stand and/or walk for six hours out of an eight-hour workday, but would need to change positions so that he can stand for 15 minutes and then sit for about five minutes before he can return to standing or walking, but he can remain on task during that time; can sit for six hours out of an eight-hour workday in 30-minute increments with brief position changes of about one to five minutes while remaining on task; can frequently climb, balance, stoop, kneel, crouch, and crawl; cannot perform repetitive movements of the head or neck; cannot perform repetitive or constant fine and gross manipulation with the non-dominant left upper extremity, but frequent use is permissible; cannot perform forceful gripping or grasping with the non-dominant left upper extremity; can concentrate for up to two hours at a time, but he would be limited to simple non-complex tasks; is limited to occasional interaction with the general public; simple and routine work with a reasoning level of two and with occasional contact with coworkers and the public. (AR 23.) Relying upon the testimony of the VE, the ALJ found that Plaintiff was capable of performing work existing in significant numbers in the national economy, including the occupations of small parts assembler, steam presser, and gluer. (AR 30.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from February 9, 2009 through the date of the decision. (AR 31.) The Appeals Council subsequently denied Plaintiff's request for review (AR 1-6), rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUES**

1. Whether the ALJ properly translated Dr. Ahmed's opinion in assessing Plaintiff's RFC.
2. Whether the ALJ propounded an improper hypothetical to the VE.
3. Whether the VE's testimony conflicted with the Occupational Outlook Handbook and, if so, whether the ALJ could properly rely upon it.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

Plaintiff contends that the ALJ's RFC assessment was erroneous because the ALJ failed to accurately translate some of Dr. Ahmed's opinions into functional limitations. In particular, Plaintiff argues that the ALJ failed to properly address

Dr. Ahmed's opinions that (a) Plaintiff was precluded from repetitive motions of the neck or spine, and (b) Plaintiff was precluded from repetitive manipulation with his left upper extremity. According to Plaintiff, the ALJ's determination that Plaintiff is precluded only from "repetitive movement of the head and neck" and her determination that Plaintiff is able to frequently use his left upper extremity are at odds with Dr. Ahmed's opinions. (ECF No. 17 at 8-10.)

Plaintiff's treating physician, Khalid Ahmed, M.D., opined that Plaintiff was precluded from repetitive motions for the neck or spine, an opinion that he explained contemplated the loss of 50% of Plaintiff's pre-injury capacity for flexion, extending, bending, and rotating his neck or spine. Dr. Ahmed further opined that Plaintiff had lost approximately 50% of his pre-injury capacity for performing activities such as bending, stooping, lifting, pushing, pulling, and climbing. With regard to Plaintiff's left shoulder impairment, Dr. Ahmed opined that Plaintiff was precluded from forceful strength activities and repetitive manipulation of his left shoulder. Finally, according to Dr. Ahmed, Plaintiff had lost approximately 50% of his pre-injury capacity for lifting, pushing, pulling, grasping, pinching, holding, torqueing, and comparable activities with his left upper extremity. (AR 1193.)

In assessing Plaintiff's RFC, the ALJ stated that she assigned great weight to the opinion of Dr. Ahmed, explaining that Dr. Ahmed personally examined Plaintiff and that Dr. Ahmed's objective findings were consistent with his opinion. (AR 27.) The ALJ's decision specifically noted Dr. Ahmed's opinion that Plaintiff was "precluded from repetitive motions of the neck or spine, heavy work including bending, stooping, lifting, pushing, pulling, and climbing, and forceful strength activities and repetitive manipulation." (AR 27.) In addition, the ALJ recognized that under the workers' compensation law, Dr. Ahmed's restrictions "were equivalent to a 50 percent loss" in Plaintiff's pre-injury capacity. (AR 27.) According to the ALJ, because Plaintiff's pre-injury capacity was lifting 80 pounds,

4

Dr. Ahmed essentially opined that Plaintiff was capable of lifting and/or carrying 40 pounds, "which is not inconsistent with a range of medium exertional work." (AR 27.)

A claimant's RFC is the most he can still do despite his limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 404.1545(a)). In determining a claimant's RFC, the ALJ must consider all relevant evidence of record, including medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *see* 20 C.F.R. § 404.1527(b). "Significantly, unless an ALJ expressly rejects a particular medical opinion, he must consider its findings when crafting the claimant's RFC." *Gamache v. Colvin*, 2014 WL 5511210, at *1 (C.D. Cal. Oct. 31, 2014) (citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). In order to reject the opinion of a treating physician, even if that opinion is contradicted, an ALJ must provide specific and legitimate reasons that are supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo*, 871 F.3d at 675.

As noted above, Dr. Ahmed opined that due to neck impairment, Plaintiff was precluded from repetitive motions of the neck and spine. Further, Dr. Ahmed opined that due to shoulder impairment, Plaintiff was precluded from repetitive manipulation with his left upper extremity. (AR 1193.) Dr. Ahmed's opinions were phrased in the workers' compensation context. Terms of art used in workers' compensation proceedings are not equivalent to Social Security disability terminology. *Desrosiers v. Secretary of Health & Human Services*, 846 F.2d 573, 576 (9th Cir. 1988); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996). Consequently, in order to assess medical evidence for purposes of Social Security disability, an ALJ must "translate" terms of art contained in workers' compensation

medical opinions into corresponding Social Security terminology. *Vasquez-Pamplona v. Colvin*, 2015 WL 5796994, at *4 (C.D. Cal. Sept. 30, 2015) (citing *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1104 (C.D. Cal. 2002)); *Haro v. Colvin*, 2014 WL 4929032, at *6 (C.D. Cal. Sept. 30, 2014).

As courts in this District have explained, "'[r]epetitive' is a term of art in the California Workers' Compensation system, meaning that an individual has lost 50% of her pre-injury capacity." *Brooks v. Astrue*, 2012 WL 2373628, at *5 (C.D. Cal. June 22, 2012). To say that an individual has lost 50% of his or her capacity to perform an activity means that he or she can perform that activity no more than 50% of the time. *See Echaury v. Astrue*, 2013 WL 436007, at *4-5 (C.D. Cal. Feb. 4, 2013); *Brooks*, 2012 WL 2373628, at *5. Thus, in Dr. Ahmed's opinion, Plaintiff is precluded from performing "motions for the neck or spine" and manipulation with the left upper extremity more than 50% of the time.

For Social Security purposes, "frequent" means "occurring from one-third to two-thirds of the time." Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *5-6. Translating Dr. Ahmed's opinion that Plaintiff is limited to performing the activities identified above no more than 50% of the time into Social Security terms, Dr. Ahmed opined that Plaintiff could perform these activities *less* than frequently. *See Valero v. Colvin*, 2015 WL 1201874, at *12 (E.D. Cal. Mar. 16, 2015) (physician's opinion that claimant is precluded from repetitive use of her arms indicates an ability to handle and reach "on a less-than-frequent basis"); *Echaury*, 2013 WL 436007, at *4-5 (physician's opinion that claimant was precluded from repetitive gripping and repetitive turning of the neck indicated that claimant could perform these activities no more than 50% of time and, therefore, was not capable of performing them "frequently").

Although the ALJ purported to give great weight to the opinion of Dr. Ahmed, she omitted the less-than-frequent restrictions included in Dr. Ahmed's opinion. Instead, the ALJ determined Plaintiff was precluded from "repetitive

6

movements of the head or neck," but did not restrict Plaintiff to performing such motions no more than 50% of the time. (AR 23.) The ALJ's similar failure to translate Dr. Ahmed's opinion into the applicable social security term is more glaring in her assessment of Plaintiff's left upper extremity. The ALJ concluded that Plaintiff was precluded from "repetitive or constant" manipulation with his left upper extremity, yet found that he retained the ability to *frequently* use his left upper extremity. (AR 23.)

The Commissioner argues that it is the ALJ's responsibility to determine residual functional capacity, so she was entitled to interpret Dr. Ahmed's opinion as she did. (ECF No. 20 at 2-3.) While the Commissioner is correct that the ALJ is charged with interpreting evidence and formulating an RFC, this general assertion does not address the particular medical opinion at issue here. The Commissioner also fails to provide any authority for the proposition that an ALJ may properly interpret a preclusion against "repetitive" activities issued in the workers' compensation context as contemplating the ability to perform those activities longer than 50% of the time. Moreover, assuming that the ALJ could reasonably interpret Dr. Ahmed's opinion as contemplating frequent neck or back motion or frequent use of Plaintiff's left upper extremity, nothing in the ALJ's decision indicates that she intended to do so. Instead, the ALJ merely summarized Dr. Ahmed's findings and concluded that they were entitled to great weight. Accordingly, the Commissioner's argument is unpersuasive.

By failing to include all of the functional limitations opined by Dr. Ahmed in her RFC determination, the ALJ implicitly rejected certain of Dr. Ahmed's opinions. *See Smolen*, 80 F.3d at 1286 ("By disregarding [treating physicians'] opinions and making contrary findings, [the ALJ] effectively rejected them. His failure to offer reasons for doing so was legal error."); *Gamache*, 2014 WL 5511210, at *2 (by finding claimant could grip or grasp frequently – that is, more than one-half of the time – the ALJ implicitly rejected physician's opinion that

claimant was precluded from "repetitive" behavior which contemplate a one-half reduction in pre-injury capacity); *Baltazar v. Astrue*, 2012 WL 2319263, at *5 (C.D. Cal. June 19, 2012) (physician's opinion that claimant was precluded from repetitive performance of certain activities meant that claimant could not perform those activities more than half of the time and, therefore, in assessing claimant the ability to perform activities "frequently," the ALJ implicitly rejected physician's opinion). To properly reject Dr. Ahmed's opinions, the ALJ would have had to provide legally sufficient reasons for doing so. *See Trevizo*, 871 F.3d at 675. The ALJ, however, purported to accept Dr. Ahmed's opinions, and she did not provide any reason, let alone a specific and legitimate one, for rejecting them.

Finally, the ALJ's failure to either include, reject, or otherwise explain her interpretation of Dr. Ahmed's opinions in her RFC assessment was not harmless error. The VE's testimony that Plaintiff is capable of performing work available in the national economy was based on the ALJ's hypotheticals, none of which included the limitations assessed by Dr. Ahmed. (*See* AR 60-62.) As a result, there is no evidence in the record supporting the conclusion that Plaintiff could perform work in the national economy if he, in fact, is limited to the degree Dr. Ahmed's opinion suggests. *See Renteria v. Berryhill*, 2017 WL 3995110, at *5-6 (C.D. Cal. Sept. 7, 2017) (remanding where ALJ stated that he assigned significant weight to physician's opinion, but failed to include physician's opinion that claimant should not do "repetitive work at or above shoulder level" and instead determined that claimant could frequently reach at or above shoulder level); *Harvey v. Colvin*, 2014 WL 3845088, at *6-7 (C.D. Cal. Aug. 5, 2014) (remanding where ALJ purported to give great weight to physician's opinion that claimant was precluded from repetitive motions but assessed the claimant's RFC as limited to frequent motions and failed to explain how that RFC adopted or rejected the functional limitations set forth by the physician).

Because the Court concludes that reversal is warranted based upon the above error, it need not resolve Plaintiff's remaining contentions.

**REMEDY**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Accordingly, the appropriate remedy is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[2]

IT IS THEREFORE ORDERED that Judgment be entered reversing the

---

[2] It is not the Court's intent to limit the scope of the remand.

decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 12/19/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE